TIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KENNETH C. TAYLOR, JR.**                                                                        **PLAINTIFF**

**V.**                               **CIVIL ACTION NO.: 4:08CV36-SA-DAS**

**A.W. BURNS, ET AL.**                                                        **DEFENDANTS**

## REPORT AND RECOMMENDATIONS

Before the Court is the plaintiff's request for a preliminary injunction [doc. 23]. By this motion the plaintiff seeks an order requiring officials at the Mississippi State Penitentiary ("MSP") to timely refill his glaucoma medication; change his housing unit or supply him with polycarbonate lenses; and place a notice in his housing unit that requires immediate isolation in the event of an eye injury. By Order dated November 13, 2008, the defendants were required to investigate the plaintiff's allegations and respond to the motion. In their response filed November 24, 2008, the defendants state that because the plaintiff is no longer housed at Delta Correctional Facility ("DCF"), they are not in a position to respond to the plaintiff's motion.

In this case the persons against whom relief is sought are not parties to this lawsuit. For a preliminary injunction to issue, the requesting party must show: (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs any harm the injunction may cause to the party against whom the injunction is sought, and (4) that granting the injunction will not have an adverse effect on the public interest. *See Harris v. Wilters,* 596 F.2d 678, 680 (5th Cir. 1979)(emphasis added).

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted

routinely, but only when the movant, by a clear showing, carries the burden of persuasion" on each of the four elements of the analysis. *White v. Carlucci,* 862 F.2d 1209, 1211 & n.1 (5th Cir. 1989) (affirming denial of injunction).

In this case, the plaintiff cannot prevail on the merits of any claims against MSP officials because they are not defendants in this action, and there are no claims pending against them. The claims that provide the basis for this action occurred while the plaintiff was incarcerated at DCF in Greenwood, Mississippi. Consequently, he cannot make the required showing, and his request for a preliminary injunction is due to be denied.

Moreover, pursuant to FED.R.CIV.P. 65(d)(2), an order granting injunctive relief is binding only upon the parties to the action. In this case, there is no party to be bound. *See Harris County, Texas v. Carmax Auto Superstores*, 177 F.3d 306, 314 (5th Cir. 1999) (observing "[t]he central reason that one who is not a party to the action in which the injunction was issued cannot be bound by it is that he has not had his day in court with respect to the validity of the injunction....") (citations and emphasis omitted). Therefore, it is recommended that the plaintiff's request for a preliminary injunction be denied.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile*

*Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, 25th day of November, 2008.

                                              **/s/   David A. Sanders**
                                               **UNITED STATES MAGISTRATE JUDGE**