IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KENNETH C. TAYLOR, JR.                                                                          PLAINTIFF

V.                                                                                    NO. 4:08CV036-A-S

A.W. BURNS, et al.                                                                              DEFENDANT

MEMORANDUM OPINION

Presently before the Court is the Defendants' motion to dismiss. Since matters outside the pleadings were considered the court will treat the motion as one for summary judgment. See Fed. R. Civ. P. 12(d). The Plaintiff has submitted his response in opposition and the matter is ripe for review.

*A. Factual Background*

The Plaintiff filed this civil action pursuant to 42 U.S.C. § 1983 on March 14, 2008. The Plaintiff states that in 2005 while in the custody of the Mississippi Department of Corrections, ("MDOC") he had surgery on his left eye to repair a detached retina. The surgery required the injection of silicone oil which was to remain in the Plaintiff's eye for approximately 90 days. The Plaintiff claims that he was repeatedly scheduled and rescheduled for the follow-up surgery to remove the silicon oil but the Defendants failed to make him available for the procedure. Allegedly as a result of the prolonged exposure to the silicon oil, the Plaintiff avers that he developed a cataract in his eye. At some point after the initial surgery, the Plaintiff was transferred from Delta Correctional Facility to the Mississippi State Penitentiary. After several examinations by doctors at Parchman and months later, the silicon oil was removed on March 14, 2007. The Plaintiff claims that because of the Defendants' actions and inaction which caused a substantial delay in removing the silicon oil that he has permanently lost vision in his left eye.

The Plaintiff filed a very detailed informal grievance through MDOC's Administrative Remedy Program ("ARP") in June 2007.[1] His grievance provided much of the facts and details as set forth herein. The Plaintiff's grievance was accepted and he received a first step response on June 29, 2007 stating that "the inmate was housed at CMCF and now has moved to MSP." Obviously unsatisfied with this response, the Plaintiff submitted his grievance to the second step of the ARP. A second step response dated September 10, 2007, explained that "[a]n investigation has been conducted into your complaint in which you allege that you have been overcharged. Rochel Walker, M.D., Site Medical Director, stated you were housed at CMCF but transferred to MCCF along with your medical records. Therefore, I find no merit in your complaint." Understandably frustrated with the unresponsive answers provided by MDOC officials, the Plaintiff admittedly abandon the administrative review process and initiated this civil action.

The Defendants have now filed a motion to dismiss based on the Plaintiff's failure to complete the ARP process. The Plaintiff does not deny that he has failed to conclude the administrative review process. Rather, the Plaintiff opposes the motion arguing that the Defendants mishandled his grievance and failed to comply with their own procedures.

### B. Standard of Review

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's

---

[1] His first step grievance was unsigned and was not dated. June is assumed from the date of the First Response.

case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

*C. Discussion*

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust "such administrative remedies as are available" before he may file suit under 1983 objecting to prison conditions. 42 U.S.C. § 1997e(a); *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998). A prisoner must exhaust the administrative remedies "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). The purpose of the exhaustion requirement is to "give the agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled in to federal court" and to allow for economical claim resolution. *Woodford v. Ngo*, 548 U.S. 81,

89, 126 S. Ct. 2378, 2385, 165 L. Ed. 2d 368 (2006). The United States Supreme Court held in *Woodford* that "proper exhaustion of administrative remedies is necessary" and that a prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." 548 U.S. at 83-84.

The Fifth Circuit takes a strict approach to the exhaustion requirement. *Days v. Johnson*, 322 F.3d 863, 867 (5th Cir. 2003) (overruled by implication on other grounds). The exhaustion requirement, however, may be subject to waiver, estoppel or equitable tolling. *Id.* at 866; *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001). The court must afford a prisoner an opportunity to show that he has either exhausted the available administrative remedies or that he should be excused from this requirement. *Miller v. Stanmore*, 636 F.2d 986, 991 (5th Cir. 1981). The failure to exhaust may be excused for instance when prison officials interfere with a prisoner's pursuit of an administrative remedy. *See Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982). The failure to exhaust may also be excused where "the prison system [has] deliberately devised procedural requirements designed to trap and defeat claims of unwary prisoners." *Woodford*, 548 U.S. at 102. Exceptions to the exhaustion requirement, however, apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

In Mississippi, the Department of Corrections has the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. In accordance with its authority, MDOC has established an Administrative Remedy Program through which an offender may seek formal review of a compliant related to any aspect of their incarceration. *See* MDOC Inmate Handbook, Ch. VIII, ¶3. The ARP is a three step process. Inmates initially submit their grievance to the division head or adjudicator in writing, within thirty days afer an incident has

4

occurred. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may appeal to the Superintendent or Warden of the institution, who will then issue a Second Step Response. If still aggrieved, the inmate may appeal to the Commissioner of MDOC, where a Third Step Response is issued. At this time, the Administrator of the ARP will issue the inmate a certificate stating that he has completed the exhaustion of his administrative remedies and can now proceed to court.

The facts of this case are extremely unfortunate and troubling particularly with regard to the Defendants' apparent inability to timely secure appropriate medical treatment for the Plaintiff. The presence of a potentially meritorious claim, however, does not relieve the Plaintiff of his statutory obligation to exhaust available administrative remedies. As noted above, there are three steps in MDOC's grievance program. The Plaintiff completed steps one and two but failed to seek the third step review. Rather, he admittedly abandon the process after receiving the second step response. As an excuse for his failure, the Plaintiff argues that the Defendants' mishandled his grievance in contradiction of MDOC policy. Specifically the Plaintiff claims that the first step response was given by an official unrelated to his grievance. He also complains that he did not timely receive the second step response. Furthermore, the Plaintiff submits that both the first and second step responses were unrelated to his grievance.

Unfortunately, the Plaintiff's arguments do not excuse his failure to complete all three steps of the ARP. *Johnson v. Cheney*, No. 08-10241, 2009 WL 614501 at *1 (5th Cir. Mar. 11, 2009) (an inmate is required to complete all the steps in a grievance program to satisfy the exhaustion requirement); *Lane v. Harris County Medical Dept.*, No. 06-20932, 2008 WL 116333 at *1 (5th Cir.

Jan. 11, 2008) (summary judgment affirmed where prisoner did not complete the administrative review process). Not even the frustratingly unrelated responses nor untimely responses will permit the Plaintiff to abandon the administrative review process. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (the failure of prison officials to respond to a grievance does not constitute a valid excuse for failure to exhaust administrative remedies); *McHenry v. Manor*, No. 08-50286, 2009 WL 1162403 at *1 (5th Cir. Apr. 30, 2009) (officials did not interfere in the administrative review by returning grievance documents unprocessed).

This is not a situation "in which the system deliberately devised procedural requirements designed to 'trap' and defeat [the] claims' of unwary prisoners." *Woodford*, 548 U.S. at 102-03. Likewise, there is no basis for excusing the Plaintiff's failure to exhaust based on a policy of preventing inefficiency or a failure to further the interests of justice or the purposes of the exhaustion requirement. *See Ferrington v. Louisiana Dept. of Corrections*, 315 F.3d 529, 532 (5th Cir. 2002) (prisoner's blindness did not excuse his failure to comply with the PLRA's exhaustion requirement). To the contrary, the Plaintiff's completion of the first two steps of the ARP demonstrates that there was no interference with the pursuit of his claim. The responses, while understandably frustrating, did not prevent the Plaintiff from proceeding to the third and final review. Had he pursued his grievance through this third and final step, summary judgment would be inappropriate. Since, however, there is no dispute regarding his failure to exhaust, the court must as a matter of law grant summary judgment for the Defendants.[2]

---

[2] Only three of the five named Defendants filed the motion to dismiss which the court has treated as one for summary judgment. Since the failure to exhaust is an unavoidable statutory requirement, the Plaintiff may not maintain this civil action. *Jones v. Brock*, 549 U.S. 199, 219-20, 127 S. Ct. 910, 923, 166 L. Ed. 2d 798 (2007) (no unexhausted claim may be considered). The motion, therefore, shall be granted as to all Defendants.

*D.  Conclusion*

In sum, the Plaintiff has failed to demonstrate the existence of a disputed issue of material fact worthy of a jury's consideration.  The court is precluded from entertaining the complaint due to the Plaintiff's failure to completely exhaust all available administrative remedies.  The Plaintiff has not demonstrated any recognizable excuse for his failure to exhaust.  Consequently, summary judgment shall appropriately be granted in favor of the Defendants.

A final judgment in accordance with this opinion shall issue this day.

This the 29th day of May, 2009.

/s/ **Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**